UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CHAPTER 13  PLAN

Debtor (s):                                              Case No. 10-

    GERALD LEE METCALF
    NELLENE KENDRICK METCALF

Chapter 13 Plan

1. **MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor to pay the Trustee for the period of 60 months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A. **$413.00 for months 1 to 60** in order to pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY FEE:** $3,800.00. Total paid $1,800.00.

Balance Due $2,000.00. Payable through plan $387.00 monthly.

3. **PRIORITY CLAIMS:** [as defined in 11 U.S.C. Section 507]

Name of Creditor                                          Total Claim

NONE

**TRUSTEE FEES:** The Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

    **Pre-Confirmation Adequate Protection Payments:** No later than **30 days** after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to Subsection 1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

---

1. All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

Name of Creditor   Collateral   Adequate Protection Payment in Plan

NONE

(A) **Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the **post-petition mortgage payments** on the following mortgage claims:

**Name of Creditor    Security    Collateral    Estimated Payment**

NONE

(B) **Claims Secured by Real Property Which Debtor(s) Intends to Retain/Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the **pre-petition arrearages** on the following mortgage claims:

**Name of Creditor    Security    Collateral    Arrearage**

NONE

(C) **Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**Creditor    Collateral    Ad Prot Pmt    Sec Balance    Interest @**

CAPITAL ONE   2008 Mitz Raider   $354.00    $18,645.00    5.25%

(D) **Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

**Creditor    Collateral    Ad Prot Pmt in Plan    Value    Interest @_____%**

NONE

(E) **Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

**Name of Creditor      Collateral Ad Prot Pmt in Plan   Interest @____%**

**NONE**

**(F)  Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated **in rem** as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|
| **MIDLAND MORTGAGE** | **HOMESTEAD** |

**(G)  Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated **in rem** as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any codebtor stay or abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

**Name of Creditor           Property/Collateral to be Surrendered**

**NONE**

**SECURED - LIENS TO BE AVOIDED/STRIPPED: (STRIP)**

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| **GMAC (2ND MTG)** | **HOMESTEAD** | $21,115.00 |
| **HOUSEHOLD FINANCE (3RD MTG)** | **HOMESTEAD** | $42,201.00 |

**LEASES/EXECUTORY CONTRACTS:**

Creditor    Property    Assume/Reject-Surrender   Estimated Arrears

**NONE**

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a **pro rata** share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $0.00.

**OTHER PROVISIONS:**

1.      Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2.      Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court;

3.      Property of the Estate shall not vest in Debtors until the earlier of Debtors' discharge or dismissal of the case, unless the Court orders otherwise;

4.      The amounts listed for claims in this Plan are based upon Debtors' best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5.      Case Specific provisions: **SEE PLAN SUMMARY**

10/18/10
Date

Gerald Lee Metcalf

10/18/10
Date

Nellene Kendrick Metcalf

## **PLAN SUMMARY**

| | |
|---|---:|
| Priority: | $0.00 |
| Secured Creditors: | |
| 1.   Capital One Auto (full) | 21,240.00 |
| Attorney's Fees: | 2,000.00 |
| Unsecured Creditors (Pro rata distribution) | 0.00 |
| Subtotal | $23,240.00 |
| Trustee's Fee (6.5%) | 1,511.00 |
| Total | $24,751.00 |
| **Plan Payments $413.00 X 60 mos** | **$24,780.00** |
| Pre-Confirmation Payments: | **$413.00** |